FINCANNON *v.* THE STATE.

Since the passage of the act of December 24th, 1890 (Acts of 1890–
91, vol. 1, p. 128), rendering it unlawful to sell spirituous liquors
in any quantity whatever without first obtaining a license, the
phrase "dealers in spirituous liquors," when used in a statute,
comprehends all persons who sell such liquors in any quantity.
Consequently, the 15th clause of the second section of the general
tax act of 1892 is to be construed as imposing the tax therein
specified upon dealers who sell by wholesale in the original packages
corn whisky of their own manufacture in this State, the
same as upon other dealers in such liquors.    *Judgment affirmed.*
December 18, 1893.

Indictment for misdemeanor.    Before Judge HARRIS.
Coweta superior court.    September term, 1893.

The plaintiff in error was indicted for failing to register
with the ordinary of Coweta county, and to pay
the special tax required by law of a dealer in spirituous
and malt liquors.    The court charged the jury that,
under the facts agreed on, the defendant was a dealer
under the statute, and as such was guilty.    A new trial
was moved for and denied, and the defendant excepted.
The agreed facts are : " Defendant has given bond as
required of distillers by U. S. law ; sells only distilled
liquors of his own production, at the place of manufacture,
in the original packages, to which tax stamps are
fixed ; sells from government warehouse only, and has
no place of business for carrying on business of a dealer
in spirituous liquors, but sells to various dealers directly
from his distillery ; delivers it at depot or place of business
of local dealers ; sells only in original packages of
ten gallons and upward ; distillery in Coweta county ;
has failed to register name and place of business with
ordinary of Coweta county, and failed to pay tax required
of dealers ; whisky made of corn."

ATKINSON & HALL, for plaintiff in error.    T. A. ATKINSON,
solicitor-general, and J. M. TERRELL, *contra.*